**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

RODNEY JOHNSON,

               Plaintiff,

    vs.

OUTBACK STEAKHOUSE OF FLORIDA,
LLC,

               Defendant.

Case No.: 3:25-cv-376 (RLB)

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff RODNEY JOHNSON (hereinafter "Plaintiff"), by and through his attorneys, hereby complains of Defendant OUTBACK STEAKHOUSE OF FLORIDA, LLC (hereinafter "Defendant" or "Outback Steakhouse"), upon personal knowledge, as well as on information and belief, by alleging and averring as follows:

**NATURE OF THE CASE**

1.     Plaintiff brings this action alleging that Defendant violated the Louisianna Whistleblower Protection Act, La. Rev. Stat. Ann. § 23:967, ("LWPA"), and seeks damages, as well as injunctive and declaratory relief, to redress the injuries he suffered as a result of being unlawfully retaliated against and wrongfully terminated after raising concerns and complaining to Defendant about illegal and unlawful acts of theft occurring in the workplace by other employees of Defendant as well as threats of bodily harm made by an employee.

**JURISDICTION AND VENUE**

2.     Jurisdiction of this Court is proper under 28 U.S.C. § 1332 because (1) all parties are completely diverse, and (2) the value of Plaintiff's claims exceeds $75,000.00 exclusive of interest and costs.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Middle District of the State of Louisiana.

**PARTIES**

4.      At all relevant times, Plaintiff was and is a resident and citizen of the State of Louisiana and Parish of East Baton Rouge.

5.      At all relevant times, Plaintiff was and is an "employee" of Defendant, as defined by the LWPA.

6.      At all relevant times, Defendant is a foreign limited liability company domiciled and incorporated in the State of Delaware and authorized to do and doing business in the State of Louisiana.[1]

7.      Defendant maintains a principal place of business located at 2022 N-West Shore Boulevard, Tampa, FL 33607.

8.      Defendant may be served through its registered agent, CORPORATE CREATIONS NETWORK, INC., located at 1070-B West Causeway Approach, Mandeville, LA 70471.

9.      Defendant was and is a citizen of Delaware and Florida because it was incorporated in Delaware and maintains its principal place of business in Florida.

10.     Upon information and belief, Defendant's sole member is OSI Restaurant Partners, LLC. See link to State of Florida, Division of Corporations articles of organization for Defendant.

---

[1] Defendant itself has made judicial admissions that it is a Delaware limited liability company with its principal place of business in Florida. See Sturdivant v. Outback Steakhouse of Florida, LLC, Case No.: 7:25-cv-529 (RDP), ECF Docket Entry 1

11.     Like Defendant, OSI Restaurant Partners, LLC is also a foreign limited liability company which was organized in Delaware and has a principal place of business in Florida. See link to State of Florida, Division of Corporations articles of organization for OSI Restaurant Partners, LLC.

12.     As such, the parties are completely diverse.

13.     Plaintiff was employed at Defendant's location at 2415 South Acadian Throughway Baton Rouge, LA 70808.

14.     At all relevant times, Defendant met the definition of "employer" and is subject to the LWPA.

## STATEMENT OF FACTS

15.     Plaintiff commenced his employment with Defendant on or about June 1, 2023, as the Front-of-House Key for the restaurant location at 2415 South Acadian Throughway Baton Rouge, LA 70808.

16.     Plaintiff's job duties as a Front-of-House Key included but were not limited to managing the restaurant and ensuring everything went smoothly with its operations.

17.     For a time during his employment for Defendant, Plaintiff reported directly to an individual known to him as Brent Barney (hereinafter "Barney").

18.     Upon information and belief, Barney was employed by Defendant as a Manager and held a supervisory role over Plaintiff, including, *inter alia*, hiring/firing power.

19.     Plaintiff brought exceptional skills and an impressive background to Outback Steakhouse and did so well that he received a positive performance review and a raise during his tenure there.

3

20.    For the next several months, Plaintiff continued to perform at an exceptional level without any complaints from management or customers related to his job performance.

21.    In fact, Plaintiff caused the restaurant to score consistently higher on internal satisfaction scores due to his performance.

22.    Despite his best efforts to succeed in the workplace for the benefit of himself and Outback Steakhouse, Plaintiff noticed a culture of rampant theft in other employees of Defendant at the restaurant, who stole money from the cash register using a manager card by issuing a "comp" of a certain dollar amount despite the fact the customer paid in full and received no "comp."

23.    Plaintiff therefore did what any reasonable law-abiding citizen would do: he reported the theft to Barney.

24.    Plaintiff first reported theft in the workplace beginning in or about November or December 2023.

25.    However, despite Plaintiff's report of illegal and unlawful activity in the workplace, Barney never took any action to address Plaintiff's concerns

26.    Notwithstanding, Plaintiff continued to report instances of theft that he observed at least a dozen times in hopes that the theft would stop.

27.    Curiously, and upon information and belief, nothing was done to stop this rampant theft.

28.    As a result, in or about April 1, 2024, Plaintiff reported the thefts directly to Defendant's corporate office in hopes of having the issue addressed.

29.    Plaintiff was dedicated to creating an excellent environment for both his fellow employees and customers and sought to address the issue of unlawful behavior.

30.     Prior to his complaint to Defendant's corporate office, Plaintiff did not have any performance issues and, in fact, was regularly praised for his performance.

31.     Following Plaintiff's complaint to Defendant's corporate office, Barney began to become overly critical of Plaintiff's performance in retaliation for reporting the illegal activity.

32.     Prior to Barney, none of Plaintiff's previous supervisors criticized his performance.

33.     Although nothing had changed about Plaintiff's performance, Barney regularly found – and indeed, manufactured – fault in Plaintiff's work following his direct complaint to Defendant's corporate office.

34.     Plaintiff was shocked, as Barney had never criticized or disciplined Plaintiff prior to his direct report of unlawful activity in the workplace to Defendant's corporate office.

35.     Defendant then proceeded to retaliate against Plaintiff by limiting his working hours.

36.     This unexpected and undeserved adverse employment action severely limited Plaintiff's ability to support himself.

37.     Plaintiff further felt marginalized as other employees who engaged in theft, including Barney, began to make Plaintiff feel unwelcome and subjected him to a hostile work environment.

38.     This culminated in Plaintiff being terminated by Defendant on or about May 1, 2024, only one (1) month after his direct complaint of illegal activity in the workplace to Defendant's corporate office.

39.     The reason given to Plaintiff for his termination was that there was an unavailability of hours to keep him employed, which Plaintiff knew to be false as the restaurant was a busy location and short-staffed.

40. Plaintiff understood that the cutting of his hours, hostile work environment, and wrongful termination were all a result of his complaints of illegal activity to Defendant and their agents.

41. Plaintiff was subjected to retaliation in violation of the LWPA.

42. Plaintiff was terminated in retaliation for engaging in protected activity and/or for raising good faith concerns about the unlawful conduct engaged in by Defendant's employees and manager.

43. Defendant would not have terminated Plaintiff but for his complaints about Defendant's unlawful activity and/or Plaintiff's request to address the situation.

44. Plaintiff alleges that, through discovery based on these allegations, Plaintiff will prove defendant did in fact engage in intentional retaliation in violation of the terms and conditions of Plaintiff's employment under the LWPA.

45. As a result of Defendant's conduct, Plaintiff has suffered a loss of income, pecuniary losses, economic hardship, emotional pain, suffering, inconvenience, special damages, loss of enjoyment of life, and other non-pecuniary losses.

46. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff respectfully demands punitive damages.

47. Defendant's actions and conduct were intentional for the purpose of harming Plaintiff.

48. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems just, equitable, and proper.

49. Plaintiff is entitled to the maximum amount of recovery allowed under the law.

**AS FOR A CAUSE OF ACTION AGAINST**
**DEFENDANT FOR VIOLATION OF**
**La. Rev. Stat. Ann. § 23:967**

50.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

51.     A Louisiana employee "is protected under the Whistleblower Statute if (1) he advised [his employer] of a violation of law that was a workplace act or practice, (2) he objected to the illegal activity, and (3) he was retaliated against for doing so."

52.     Plaintiff was an excellent employee hired by Defendant.

53.     Plaintiff did not suffer from any progressive discipline policy prior to his termination.

54.     On the day of Plaintiff's termination, Plaintiff questioned the reasoning for his termination, and Defendant provided a reason Plaintiff knew to be false.

55.     The temporal proximity between Plaintiff's complaint of unlawful activity in the workplace and his termination points towards retaliation for engaging in a protected action.

56.     Such actions constitute an adverse employment action under the LWPA, as they constitute a significant change in employment status in the form of wrongful termination.

57.     Plaintiff seeks a declaratory judgment that Defendant's actions are a violation of the Louisiana Whistleblower Statute, La. Rev. Stat. Ann. §23:967, and injunctive relief to end any such further violation.

58.     Accordingly, Defendant, in their official capacity as Plaintiff's employer, owes him all damages arising from his wrongful termination, including his lost back wages, lost future wages or reinstatement, general damages, economic damages, attorney's fees, litigation costs, judicial interest, and all other legal and equitable relief this court deems just, equitable, and proper.

7

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A.      Declaring that Defendant engaged in unlawful employment practices prohibited under the LWPA, in that Defendant retaliated and wrongfully terminated Plaintiff for engaging in the protected action of reporting illegal activity in the workplace, and compensating Plaintiff for his losses as a result thereof;

B.      Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful retaliation and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C.      Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven at trial;

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff any other relief afforded by the LWPA;

F.      Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

G.      Awarding Plaintiff such other and further relief as the Court may deem just, equitable, and proper to remedy the Defendant's unlawful employment practices against each of them.

## JURY DEMAND

59.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial on all issues to be tried in this action.

Dated: June 10, 2025

/s/ David S. Moyer
David S. Moyer
**LAW OFFICES OF DAVID S. MOYER**
13551 River Road
Luling, LA 70070
T: (985) 308-1509
F: (985) 308-1521
E: davidmoyerlaw@gmail.com

Emanuel Kataev, Esq.
*Pro Hac Vice Motion Forthcoming*
**CONSUMER ATTORNEYS PLLC**
68-29 Main Street
Flushing, NY, 11367
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Rodney Johnson*

9