IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RODNEY JOHNSON<br><br>Plaintiff,<br><br>vs.<br><br>OUTBACK STEAKHOUSE OF FLORIDA, LLC<br><br>Defendant. | Case No.: 3:25-cv-376 (RLB)<br><br>Mag. Judge: Richard L. Bourgeois |

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Defendant OS Restaurant Services, LLC (wrongly identified as Outback Steakhouse of Florida, LLC) ("Defendant" or "Outback"), who hereby responds to the First Amended Complaint ("Amended Complaint") filed by Plaintiff, Rodney Johnson ("Plaintiff" or "Johnson") in support of such, Defendant states as follows:

### NATURE OF THE CASE

1.

Defendant denies the Plaintiff is entitled to any relief whatsoever from Defendant. Defendant denies the allegations in Paragraph 1 of the Amended Complaint.

2.

Defendant denies that the amount in controversy exceeds $75,000.

1

3.

Defendant admits that venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Defendant denies the validity of all of Plaintiff's claims, and denies the Plaintiff is entitled to relief whatsoever from Defendant.

**PARTIES**

4.

Defendant denies the allegations contained in paragraph 4 of Plaintiff's Amended Complaint for lack of information sufficient to justify a belief therein.

5.

Revised Statute 23:967 does not define "employee". Defendant denies the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

6.

The case cited by Plaintiff has no bearing on this matter, as that case involved a different entity. Defendant admits that it is a limited liability company and that it is authorized to do business in Louisiana. Defendant denies the remaining allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7.

Defendant admits that its headquarters are located at 2022 -West Shore Boulevard, Tampa, FL 36607. Defendant denies the remaining the allegations contained in paragraph 7 of Plaintiff's Amended Complaint.

8.

Defendant admits the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9.

The allegations contained in Paragraph 9 of Plaintiff's Amended Complaint state a legal conclusion in which no response is required. Nonetheless, Defendant denies the allegations, and Defendant specifically denies that as it is not incorporated in any state.

10.

Defendant admits the allegations contained in paragraph 10 of Plaintiff's Amended Complaint.

11.

Defendant admits the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12.

The allegations contained in paragraph 12 of Plaintiff's Amended Complaint state a legal conclusion in which no response is required.

13.

Defendant admits the allegations contained in paragraph 13 of Plaintiff's Amended Complaint.

14.

The allegations contained in paragraph 14 of Plaintiff's Amended Complaint state a legal claim in which no response is required. Out of an abundance of caution, Defendant denies the allegations.

## STATEMENT OF FACTS

15.

Defendant admits the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17.

Defendant admits the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

18.

Defendant admits the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of Plaintiff's Amended Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of Plaintiff's Amended Complaint.

30.

Defendant denies the allegations contained in paragraph 30 of Plaintiff's Amended Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of Plaintiff's Amended Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of Plaintiff's Amended Complaint.

33.

Defendant denies the allegations contained in paragraph 33 of Plaintiff's Amended Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of Plaintiff's Amended Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of Plaintiff's Amended Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of Plaintiff's Amended Complaint.

37.

Defendant denies the allegations contained in paragraph 37 of Plaintiff's Amended Complaint.

38.

Defendant denies the allegations contained in paragraph 38 of Plaintiff's Amended Complaint.

39.

Defendant denies the allegations contained in paragraph 39 of Plaintiff's Amended Complaint.

40.

Defendant denies the allegations contained in paragraph 40 of Plaintiff's Amended Complaint.

41.

The allegations contained in paragraph 41 of Plaintiff's Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 41.

42.

The allegations contained in paragraph 42 of Plaintiff's Amended Complaint state a legal claim in which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 42.

43.

Defendant denies the allegations contained in paragraph 43.

44.

Defendant denies the validity of Plaintiff's claims and facts alleged in paragraph 44 of Plaintiff's Amended Complaint. Defendant further denies the Plaintiff is entitled to any relief whatsoever from Defendant.

45.

Defendant denies the allegations of Paragraph 45 of Plaintiff's Amended Complaint. Defendant further denies that that Plaintiff is entitled to any relief whatsoever from Defendant.

46.

Defendant denies the allegations contained in paragraph 46 of Plaintiff's Amended Complaint. Defendant further denies that Plaintiff is entitled to any relief whatsoever from Defendant.

47.

Defendant denies the allegations contained in paragraph 47 of Plaintiff's Amended Complaint.

48.

Defendant denies the allegations contained in paragraph 48 of Plaintiff's Amended Complaint. Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant.

49.

Defendant denies the allegations contained in paragraph 49 of Plaintiff's Amended Complaint. Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant.

### A CAUSE OF ACTION AGAINST DEFENDANT FOR VIOLATION OF La. Rev. Stat. Ann. § 23:967

50.

Defendant incorporates and restates each of the above paragraphs as if fully set forth herein.

51.

Paragraph 51 of Plaintiff's Amended Complaint contains a restatement of the law in which no response is required from Defendant. Out of an abundance of caution, Defendant denies the allegations in Paragraph 51 of Plaintiff's Amended Complaint.

52.

Defendant denies the allegations contained in paragraph 52 of Plaintiff's Amended Complaint.

53.

Defendant denies the allegations contained in paragraph 53 of Plaintiff's Amended Complaint.

54.

Defendant denies the allegations contained in paragraph 54 of Plaintiff's Amended Complaint.

55.

The allegations contained in paragraph 55 of Plaintiff's Amended Complaint state a legal conclusion in which no response is required from Defendant. To the extent required, Defendant denies the allegations contained in paragraph 55 of Plaintiff's Amended Complaint.

56.

The allegations contained in paragraph 56 of Plaintiff's Amended Complaint state a legal conclusion in which no response is required from Defendant. Defendant denies the allegations contained in paragraph 56 of Plaintiff's Amended Complaint.

57.

Defendant denies that Plaintiff is entitled to declaratory or injunctive relief, or any other relief, whatsoever from Defendant under the Whistleblower Protection Act, La. Rev. Stat. Ann. § 23:967. Defendant denies the allegations contained in paragraph 57 of Plaintiff's Amended Complaint.

58.

Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant. Defendant denies the allegations contained in paragraph 58 of Plaintiff's Amended Complaint

59.

The allegations contained in Prayer for Relief section of Plaintiff's Amended Complaint states a request for a jury trial in which no response is required from Defendant. To the extent required, Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant.

## **DEFENSES**

Defendant asserts the following defenses with respect to the allegations in Plaintiff's Amended Complaint, without assuming the burden of proof when such burden rests of the Plaintiff. Defendant reserves the right to amend and supplement its defenses including discovery, Court order, or other investigation may warrant.

## **DEFENSE NO. 1.**

10

Defendant did not violate any state law, none of its workplace acts or practices and none of its employment acts or practices violate state law, and Plaintiff did not advise Defendant of any violation of state law.

### DEFENSE NO. 2.

Plaintiff did not engage in activity protected under La. R.S. 23:967.

### DEFENSE NO. 3.

Plaintiff's termination or other reprisal was not caused by or the result of Plaintiff's engagement in activity protected by La. R.S. 23:967.

### DEFENSE NO. 4.

Without conceding that Plaintiff has suffered as a result of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate his claimed damages.

### DEFENSE NO. 5.

The Amended Complaint fails to state a claim or cause of action for which relief may be granted.

### DEFENSE NO. 6.

Plaintiff's claims against Defendant are barred, in whole or in part, because all actions taken by Defendant regarding or affecting Plaintiff were based upon valid, legitimate, non-retaliatory, and reasonable business reasons that were not the result of any intent or purpose, past or present, to retaliate or discriminate.

### DEFENSE NO. 7.

Defendant is entitled to reasonable attorney's fees pursuant to La. R.S. 23:967(D) because Plaintiff's suit has been brought in bad faith and/or Defendant's act or practice was not in violation of the law.

## DEFENSE NO. 8.

Defendant denies that Plaintiff is entitled to any relief. Without admitting any wrongful conduct by Defendant or any of its employees, agents, or representatives, pleading in the alternative, Plaintiff's claims may be barred, in whole or in part, from recovery, or his recovery may be limited, to the extent she has made statements or actions that constitute waiver or estoppel of his claims, or that constitute unclean hands.

## DEFENSE NO. 9.

All decisions with respect to Plaintiff's alleged employment were based on legitimate, non-discriminatory, and non-retaliatory reasons entirely unrelated to Plaintiff's disability or any protected activity.

## DEFENSE NO. 11.

Plaintiff was not unlawfully discriminated or retaliated against on any illegal basis, intentionally or otherwise.

## DEFENSE NO. 12.

Defendant expressly reserves the right to amend this Answer and its Defenses.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, enter a judgment in favor of Defendant, and award Defendant any other relief the Court deems appropriate including costs and attorney fees, along with all other equitable relief.

Respectfully submitted:

/s/ *Andrew J. Halverson*

Andrew J. Halverson, La. Bar. No. 31184
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

<div style="margin-left: 2em;">

Lafayette, LA 70508
Telephone: (337) 769-6582
Facsimile: (337) 989-0441
Email: Andrew.Halverson@ogletree.com

and

Makala L. Graves, La. Bar. No. 40608
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: 504-648-2612
Facsimile: 504-648-3859
Email: Makala.graves@ogletree.com

*Attorneys for Defendant OS Restaurant Services, LLC*

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing document has this date been served to all known counsel of record in this proceeding by:

| | | | |
|---|---|---|---|
| (  )  Hand Delivery | | (  )  Prepaid U.S. Mail | |
| (  )  Facsimile | | (  )  Federal Express | |
| (  )  E-Mail | | ( X )  CM/ECF System | |

Lafayette, Louisiana, this 2nd day of September, 2025.

<div style="text-align: right;">

_/s/ Andrew J. Halverson_
Andrew J. Halverson

</div>