IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RODNEY JOHNSON,<br><br>      Plaintiff,<br><br>vs.<br><br>OUTBACK STEAKHOUSE OF FLORIDA, LLC,<br><br>      Defendant. | Casee No.: 3:25-cv-376 (BAJ) (RLB)<br><br>**JOINT STATUS REPORT** |

**A. JURISDICTION**

Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332 because (1) all parties are completely diverse, and (2) the value of Plaintiff's claims exceeds $75,000.00 exclusive of interest and costs

**B. BRIEF EXPLANATION OF THE CASE**

 **1. Plaintiff claims:**

Plaintiff Rodney Johnson (hereinafter "Johnson" or the "Plaintiff") brings this case alleging that Defendant Outback Steakhouse of Florida, LLC (hereinafter "Outback Steakhouse" or the "Defendant") violated the Louisianna Whistleblower Protection Act, La. Rev. Stat. Ann. § 23:967, ("LWPA"). He seeks damages, as well as injunctive and declaratory relief, to redress the injuries he suffered as a result of being unlawfully retaliated against and wrongfully terminated after raising concerns and complaining to Defendant about illegal and unlawful acts of theft occurring in the workplace by other employees of Defendant as well as threats of bodily harm made by an employee. Johnson has been working for Outback Steakhouse for approximately a year. Outback Steakhouse hired him on or about June 1, 2023 as the front-of-house key in the restaurant reporting to Brent Barney ("Barney").

1

Johnson brought exceptional skills and an impressive background to Outback Steakhouse. He did so well that he received a positive performance review and a raise. Johnson's job duties included managing the restaurant and ensuring everything went smoothly with its operations. Due to Johnson's excellent performance, in or about December 2023, Outback Steakhouse praised his work and gave him a raise. For the next several months, Johnson continued to perform at an exceptional level without any complaints from management or customers related to his job performance. In fact, Johnson caused the restaurant to score consistently higher on internal satisfaction scores due to his performance. During the course of his employment, Johnson consistently reported to Barney about rampant theft by employees. However, Barney never did anything about it. In or about April 1, 2024, Johnson reported the theft to corporate. Up until that point, there were no complaints about Johnson's performance; however, shortly after Brent understood that Johnson would not allow theft at the restaurant to continue, he became overly critical of Johnson's performance. Prior to Barney, none of Johnson's previous supervisors criticized his performance. Although nothing had changed about Johnson's performance, Barney regularly found fault in Mr. Johnson's work. Johnson was ultimately terminated on May 1, 2024, following his last complaint about the theft permitted to go on by Barney only one (1) month before.

2. **Defendant claims:**

Defendant, OS Restaurant Services, LLC (incorrectly named as Outback Steakhouse of Florida, LLC), denies all allegations of wrongdoing and asserts that Plaintiff Rodney Johnson is not entitled to any relief. Defendant maintains that it did not violate any state laws and that all employment decisions regarding the plaintiff were based on legitimate, non-retaliatory business reasons. Defendant further contends that the plaintiff did not engage in protected whistleblower

activity, that there is no causal connection between any protected conduct and his termination, and that the plaintiff failed to mitigate his alleged damages. The defendant argues the complaint fails to state a valid legal claim and seeks to have the case dismissed with prejudice.

### C. PENDING MOTIONS

List any pending motion(s), the date filed, and the basis of the motion(s): N/A

### D. ISSUES

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

>Plaintiff: N/A

>**Defendant:** Defendant contests all claims raised by Plaintiff.

### E. DAMAGES

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

>1. Plaintiff's calculation of damages:

- Front and back pay in the amount of $18,300.00;

- Emotional distress damages in the amount of $50,000.00;

- Reimbursement of attorneys' fees and costs in the amount of $7,500.00; and

- Reinstatement

>>2. Defendant's calculation of offset and/or plaintiff's damages: Defendant does not believe that Plaintiff has suffered any actionable damages and is not entitled to the items or amounts identified above. Defendant will be seeking attorney's fees pursuant to La. R.S. 23:967, but at the moment does not have a computation as to what those fees will be.

       3.      Counterclaimant/cross claimant/third party's calculation of damages: N/A

**F.**    **SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: N/A

**G.**    **DISCOVERY**

    1.    Initial Disclosures:

        A.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

            [ ] YES    [X] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

        B.    Do any parties object to initial disclosures?

            [ ] YES    [X] NO

For any party who answered yes, please explain your reasons for objecting.

    2.    Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): None thus far.

By defendant(s): None thus far.

    3.    Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?) None.

    4.    Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): Not anticipated, but Plaintiff reserves the right to designate an expert pursuant to the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

By defendant(s):Defendant has not yet retained an expert but reserves the right to identify any potential experts in accordance with this Court's expert disclosure deadline.

**H.    PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: N/A.

2. Recommended deadlines to join other parties or to amend the pleadings: October 31, 2025.

3. Filing all discovery motions and completing all discovery except experts: March 31, 2026.

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiff(s): February 1, 2026.

    Defendant(s): March 1, 2026.

5. Exchange of expert reports:

    Plaintiff(s): February 29, 2026.

    Defendant(s): March 31, 2026.

6. Completion of discovery from experts: May 31, 2026.

7. Filing dispositive motions and Daubert motions. June 30, 2026.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

   a. Deadline to file pre-trial order[2] (approximately 16 weeks after dispositive motion deadline).

   b. Deadline to file motions *in limine* (approximately 20-22 weeks after dispositive motion deadline).

   c. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

   d. Deadline to submit joint jury instructions, *voir dire*, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

   e. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

   f. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

[2] In cases assigned to United States District Judge John W. deGravelles, prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

6

**I.    TRIAL**

    1.    Has a demand for trial by jury been made?

[X]  YES    [ ] NO

    2.    Estimate the number of days that trial will require.
         Plaintiff: 2-5 days
         Defendant: No more than 4 days will be needed for trial.

**J.    OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ X]  YES    [ ] NO

i.    If the answer is *yes*, please explain: Plaintiff would like to request a mediation referral Order and/or a settlement conference before the Hon. Richard L. Bourgeois, Jr., U.S.M.J. failing mediation.

Defendant submits that a referral to private mediation is unwarranted, as the parties have already begun engaging in settlement discussions, and based on the discussions so far and the low values Plaintiff has attributed to his damages, Defendant believes the cost of privation mediation would not be justified. Defendant requests that the Court declines issuing a mediation referral order. Defendant is open to a settlement conference with Hon. Richard L. Bourgeois, though Defendant prefers to wait until the close of discovery for the same.

ii.    If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?  **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[X]  YES    [ ] NO

7

**K.  SETTLEMENT**

    1.    Please set forth what efforts, if any, the parties have made to settle this case to date.

Plaintiff made a settlement demand on June 9, 2025.  Defendant made a settlement offer on September 3, 2025.  Plaintiff will counter the offer.

    2.    Do the parties wish to have a settlement conference:

[ X]  YES     [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial? Plaintiff is prepared to attend a settlement conference if a mediation is unsuccessful.

Defendant believes that the cost of private mediation is not justified. Defendant is open to a settlement conference once discovery has been completed.

**L.  CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ]  YES    [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

**M.     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or Defendant determines, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an

agreement, Plaintiff or Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Rule 502(d) of the Federal Rules of Evidence. The parties agree that the standard under Rule 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Rule 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**N.    Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil

Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
| --- | --- |
| Plaintiff Rodney Johnson | Emanuel Kataev (emanuel@sagelegal.nyc) <br> Mia Kristensen (mkristensen@sagelegal.nyc) <br> David S. Moyer (davidmoyerlaw@gmail.com) |
| Defendant Outback Steakhouse of Florida, LLC. | Andrew J. Halverson (Andrew.Halverson@ogletree.com) <br> Makala L. Graves (Makala.graves@ogletree.com) |

Dated: September 25, 2025,   Respectfully submitted,

**CONSUMER ATTORNEYS PLLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
*Admitted Pro Hac Vice*

6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*/s/ David S. Moyer*
David S. Moyer
**LAW OFFICES OF DAVID S. MOYER**
13551 River Road
Luling, LA 70070
T: (985) 308-1509
F: (985) 308-1521
E: davidmoyerlaw@gmail.com

*Attorneys for Plaintiff*
*Rodney Johnson*

*/s/ Andrew J. Halverson*
Andrew J. Halverson, La. Bar. No. 31184
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Lafayette, LA 70508
Telephone: (337) 769-6582
Facsimile: (337) 989-0441
Email: Andrew.Halverson@ogletree.com

and

Makala L. Graves, La. Bar. No. 40608
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: 504-648-2612
Facsimile: 504-648-3859
Email: Makala.graves@ogletree.com

*Attorneys for Defendant OS Restaurant Services, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Mia Kristensen*