UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RODNEY JOHNSON                      *        DOCKET NUMBER: 3:25-cv-376 (RLB)
                                   *
                                   *        MAGISTRATE JUDGE
VERSUS                             *        RICHARD L. BOURGEOIS
                                   *
OUTBACK STEAKHOUSE OF              *
FLORIDA, LLC                       *
*******************************************************************************

## STATEMENT OF UNCONTESTED MATERIAL FACTS

NOW INTO COURT, through undersigned counsel, come Defendant, OS Restaurant Services, LLC (wrongfully identified as Outback Steakhouse of Florida, LLC) (hereinafter "Outback'), who presents the following uncontested material facts:

1. On July 31, 2023, Brent Barney ("Barney"), the proprietor of an Outback restaurant located on Acadian Thruway, hired Johnson to be the Front of the House Key ("Key") for the restaurant. (Exhibit 1, Johnson Deposition 24:23-25:8, 122:16-124:24, 159:18-20; Exhibit 2, Barney Declaration.)

2. As a proprietor, Barney co-owns the Acadian location with Outback and serves as the restaurant's Managing Partner, akin to a General Manager. (Exhibit 1, Johnson Deposition 159:18-25; Exhibit 2, Barney Declaration.)

3. As a Key, Charging Party was responsible for overall restaurant management which included completing server table assignments, greeting and ensuring guest satisfaction, promoting enrollment in Dine Rewards (customer loyalty program), and assisting employees where needed, such as bringing food items to tables or assisting with host duties by seating guests during busy periods. (Exhibit 1, Johnson Deposition 123:5-25; Exhibit 2, Barney Declaration.)

1

4. Throughout Johnson's employment, Barney and other managers routinely observed Johnson failing to meet performance expectations. (Exhibit 2, Barney Declaration.)

5. Specifically, Johnson failed to actively promote Outback's Dine Rewards and did not demonstrate that he was a team player willing to assist employees during peak times.( Exhibit 2, Barney Declaration.)

6. For example, Johnson was observed using his personal computer for non-work-related tasks while guests required attention.(Exhibit 2, Barney Declaration.)

7. In response and on multiple occasions, Barney verbally counseled Johnson regarding his lack of productivity and teamwork. (Exhibit 1, Johnson Deposition 137:10-139:7, 147:24-148:10, 152:23-157:18, 158:5-24; Exhibit 2, Barney Declaration.)

8. In April 2024, Outback's Regional Manager, Dale Rockett ("Rockett"), met and spoke with Johnson for about an hour regarding Barney's expectations being too high. (Exhibit 3, Employee Relations Case: US-2024-9909, *see* section titled "Case Notes".)

9. Rockett clarified that it was Barney's responsibility to set expectations and hold employees accountable for unsatisfactory performance. (Exhibit 3, Employee Relations Case: US-2024-9909, *see* section titled "Case Notes".)

10. At no point did Johnson raise concerns to Rockett or Barney about theft at the restaurant. (Exhibit 2, Barney Declaration; Exhibit 3, Employee Relations Case: US-2024-9909, *see* section titled "Case Notes")

11. On May 1, 2024, Barney received a report that Johnson instructed guests to leave him a positive Google review and to claim that the server "sucked." (Exhibit 2, Barney Declaration.)

2

12. Based upon that inappropriate behavior, coupled with ongoing issues with Johnson's performance, Barney immediately terminated Johnson's employment. (Exhibit 2, Barney Declaration.)

13. On May 2, 2024, the day following his termination, Johnson filed a complaint with Outback's Employee Relations department ("ER Department"). (Exhibit 3, Employee Relations Case: US-2024-9909.)

14. On May 6, 2024, Johnson submitted a second complaint with Outback's ER Department. (Exhibit 1, Johnson Deposition 159:8-17; Exhibit 4, Employee Relations Case: US-2024-9937, section titled "Case Details.")

15. Outback has no record of Johnson submitting a complaint any time in April of 2024. (Exhibit 3, Employee Relations Case: US-2024-9909, section titled "Synopsis"; Exhibit 4, Employee Relations Case: US-2024-9937, sections titled "Synopsis" and "Case Notes.")

16. Johnson's pay records show that he worked the same amount – 27.50 hours per week – in April of 2024 as he had for the previous six months, dating back to November of 2023. (Exhibit 5, Johnson's Pay Records.)

17. Rockett met with Johnson in April of 2024 to discuss Johnson's belief that Barney is "always on him" and that if Johnson stops in the kitchen, Barney will redirect him back to the dining room. (Exhibit 3, Employee Relations Case: US-2024-9909, section titled "Case Notes.")

18. In that meeting, Johnson agreed that it was Barney's restaurant, and Rockett advised that Barney's job is to direct people, to which Johnson acknowledged that Barney does the same with other employees. (Exhibit 3, Employee Relations Case: US-2024-9909, section titled "Case Notes.")

Respectfully submitted:

/s/ *Andrew J. Halverson*

Andrew J. Halverson, La. Bar. No. 31184
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Lafayette, LA 70508
Telephone: (337) 769-6582
Facsimile: (337) 989-0441
Email: Andrew.Halverson@ogletree.com


and

Makala L. Graves, La. Bar. No. 40608
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: 504-648-2612
Facsimile: 504-648-3859
Email: Makala.graves@ogletree.com

*Attorneys for Defendant OS Restaurant Services, LLC*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing document has this date been served to all known counsel of record in this proceeding by:

( )    Hand Delivery              ( )    Prepaid U.S. Mail

( )    Facsimile                  ( )    Federal Express

( )    E-Mail                     ( X )  CM/ECF System

Lafayette, Louisiana, this 10th day of July, 2026.

_/s/ Andrew J. Halverson_
Andrew J. Halverson

4