**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

RODNEY JOHNSON,

                Plaintiff,

    vs.

OUTBACK STEAKHOUSE OF FLORIDA,
LLC,

                Defendant.

Case No.: 3:25-cv-376 (BAJ) (RLB)

**DECLARATION OF RODNEY
JOHNSON IN OPPOSITION TO
DEFENDANT'S MOTION FOR
<u>SUMMARY JUDGMENT</u>**

Rodney Johnson declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the following is true and correct:

1.      I am the Plaintiff in this case.

2.      I have personal knowledge of the facts and circumstances stated in this declaration based on my employment with Outback Steakhouse of Florida, LLC ("Outback"), my personal observations and experiences, my communications with Outback's employees and representatives, and my review of documents and communications that I sent, received, or maintained.

3.      I respectfully submit this declaration in opposition to Defendant's motion for summary judgment.

4.      Outback employed me at its restaurant on South Acadian Thruway in Baton Rouge, Louisiana, as a Front-of-the-House Key from approximately July 31, 2023, until my termination on May 1, 2024.

5.      As a Front-of-the-House Key, I was part of the restaurant's management team.

6.      When the other managers were unavailable, I was responsible for running the restaurant.

Document Ref: PDR74-N2ZN8-LSPIQ-P4QS3

7.      My responsibilities included assigning tables to servers, addressing guest concerns, assisting employees throughout the restaurant, overseeing restaurant operations, and conducting or participating in employment interviews.

8.      Because I was part of management, I understood that it was my responsibility to notify the other managers when I observed conduct that was unsafe, unlawful, dishonest, or otherwise contrary to the proper operation of the restaurant.

9.      I repeatedly told Brent Barney that, because Outback considered me part of management, I had a responsibility to report problems that I personally observed.

10.     During my employment at Outback, I was never issued a written warning, write-up, suspension, performance-improvement plan, or other written discipline.

11.     I asked that any claimed performance problem be documented in writing, but Outback did not provide me with any such documentation.

12.     Barney did not counsel me for allegedly lacking productivity or teamwork.

13.     I regularly assisted wherever help was needed, including on the food line, in the To-Go area, at the expo station, and in other areas of the restaurant.

14.     I also came to work on scheduled days off and weekends when the restaurant was short-staffed.

15.     Further, I worked at Outback locations other than the South Acadian Thruway location without being disciplined or terminated at those locations.

16.     Between my April 1, 2024 report to Outback's corporate reporting line and my May 1, 2024 termination, Barney did not tell me that there was any fault with my work performance.

17.     No one advised me during that period that my employment was in jeopardy or that I might be terminated for a performance-related reason.

Document Ref: PDR74-N2ZN8-LSPIQ-P4QS3

18.	Before my termination, Robert, another Outback employee, complained in my presence about Renee and Danielle using Barney's manager comp card.

19.	Robert was visibly upset about their conduct and stated that they were attempting to be sneaky about their use of the card.

20.	Maddy, another Outback employee with access to a manager card, also refused to allow Renee and Danielle to place additional comps under her name.

21.	Maddy told me not to give Renee and Danielle my manager card because they were stealing.

22.	I have reviewed the document marked P9, annexed hereto as **Exhibit "A."**

23.	It is a true and accurate copy of my text-message exchange with Maddy concerning the use of manager comp cards as it appeared on my phone.

24.	I recognize the messages because I participated in the exchange.

25.	On or about March 28 or March 29, 2024, I sent Barney a text message asking him for Outback's corporate telephone number because I intended to report the problems I had observed at the restaurant.

26.	On April 1, 2024, I contacted Outback's Human Resources department.

27.	The Human Resources representative gave me a telephone number for Outback's corporate complaint line, which I then called.

28.	My April 1, 2024 conversation with the corporate complaint line lasted approximately twenty to thirty minutes.

29.	During that call, I reported that restaurant managers were permitting employees to use manager comp cards to remove food and other items from customers' checks and pocket the resulting money.

Document Ref: PDR74-N2ZN8-LSPIQ-P4QS3

30. I also reported other problems I had observed at the restaurant, including cleanliness and cross-contamination issues.

31. During the April 1, 2024 call, the corporate representative told me that Outback would investigate my complaints, that the investigation might take some time, and that someone would contact me afterward.

32. Despite that representation, no one contacted me to discuss the results of an investigation.

33. I did not receive an email concerning my complaint, an email confirming that I had made the complaint, or any other substantive follow-up concerning my April 1, 2024 report.

34. I did not meet or speak with Dale Rockett during April 2024.

35. I had been attempting to obtain Rockett's contact information so that I could report the conduct I had observed, but I was unable to speak with him before my termination.

36. Because I never met or spoke with Rockett during April 2024, I have no personal knowledge of any separate conversation that Rockett may have had with Barney about Barney's expectations or about holding employees accountable for allegedly unsatisfactory performance.

37. On May 1, 2024, I told Barney that I wanted to speak with Rockett.

38. I also told Barney that I had previously called Outback's corporate reporting line and reported what had been happening at the restaurant.

39. Shortly thereafter, Barney told me that Outback had to make cuts and terminated my employment.

40. Notably, in its motion papers, Defendant now claims that I was terminated for my performance.

41. However, when I was terminated, I was told Outback had to make cuts.

4

Document Ref: PDR74-N2ZN8-LSPIQ-P4QS3

42.     I am advised that Outback's shifting explanations for terminating me give rise to an inference that the termination was retaliatory.

43.     On May 2, 2024, the day after my termination, I contacted Outback's Employee Relations Department and made another complaint concerning the comp-card conduct, the reports I had made before my termination, and the circumstances of my termination.

44.     My May 2, 2024 complaint was not my first complaint.

45.     Before May 2, I had repeatedly raised the comp-card conduct with Barney and had made the April 1, 2024 report to Outback's corporate complaint line.

46.     On May 6, 2024, I submitted yet another complaint to Outback's Employee Relations Department.

47.     My May 6, 2024 complaint was not my second complaint.

48.     By May 6, I had already complained to Barney on multiple occasions, reported the conduct to Outback's corporate complaint line on April 1, and contacted Employee Relations on May 2.

49.     After my May 1, 2024 termination, I continued calling Outback's corporate and Employee Relations reporting channels on multiple occasions concerning the conduct I had reported and the circumstances of my termination.

50.     Those additional calls were to no avail.

51.     I did not receive a substantive follow-up, an explanation of any investigation findings, or any resolution of the matters I had reported.

52.     In my later employment at Chili's, I have not received any discipline, write-ups, suspensions, or verbal counseling.

Document Ref: PDR74-N2ZN8-LSPIQ-P4QS3

53.    I did not leave my employment at Harvest Manor by simply failing to report to work or engaging in a no-call, no-show. Outback is the only employer that has terminated my employment.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 7, 2026.

_Rodney Johnson_

_____

Rodney Johnson

6

Document Ref: PDR74-N2ZN8-LSPIQ-P4QS3