**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

RODNEY JOHNSON,

Plaintiff,

vs.

OUTBACK STEAKHOUSE, INC.,

Defendant.

Case No.: 3:25-cv-376 (BAJ) (RLB)

**PLAINTIFF'S INITIAL DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Plaintiff Rodney Johnson ("Plaintiff"), by counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), hereby submits this Initial Disclosure Statement to Defendant Outback Steakhouse, Inc., ("Defendant" or "Outback Steakhouse").

This Disclosure Statement is by necessity preliminary and based on incomplete information. Accordingly, Plaintiff reserves the right to supplement and/or amend in supplemental disclosures served under Rule 26(a)(1) or 26(e)(1), as additional information is acquired through discovery and/or ongoing investigation.

The disclosure of any documents, information, or witness herein is not a waiver of any objections Plaintiff may have to any document, information, or witness, and Plaintiff reserves the right to object in whole or in part to the use of any disclosed document, information, or witness.

**A. The names and, if known, the addresses and telephone numbers of each individual likely to have discoverable information—along with the subjects of such information.**

1. Plaintiff Rodney Johnson
   c/o Emanuel Kataev, Esq.
   Consumer Attorneys, PLLC
   6829 Main Street
   Flushing NY 11367-1305
   (718) 412-2421 (office)



EXHIBIT
B

Plaintiff is likely to have personal knowledge of issues relevant to this case including but not limited to the allegations in Plaintiff's complaint.

2. Rule 360(b)(6) Representatives of Defendant
c/o Andrew J. Halverson, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Lafayette, LA 70508
Telephone: (337) 769-6582
Makala L. Graves, La. Bar. No. 40608
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: 504-648-2612

Outback Steakhouse's Representatives are likely to have knowledge of issues relevant to this case including but not limited to the allegations pled by Plaintiff in the Complaint in the instant action and Defendant's defenses.

3. All individuals listed in any party's disclosure statement, witness lists, and any supplements.

4. All individuals referenced in any party's requests for admissions, interrogatories, requests for production of documents, and any supplements, as well as responses to any discovery requests.

5. Any witnesses, including custodians of record, presently unidentified, but whose identity is learned prior to trial, without prejudicing any party.

6. All custodians of records necessary to establish the foundation for all trial exhibits.

**B. A copy or description by category and location of documents, electronically stored information, and tangible things in disclosing party's possession, to support its claims.**

The following documents are in the possession, custody, or control of Plaintiff and may be used to support the allegations in his Complaint: text messages.

**C. A computation of each category of damages claimed by the disclosing party—who**

**must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Mr. Johnson seeks

- Loss of front and back pay in the amount of $18,300.00;
- Pain and suffering damages in the amount of $50,000.00;
- Reimbursement of attorneys' fees and costs in the amount of $7,500.00; and
- Reinstatement

For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Plaintiff is not presently aware of any applicable insurance agreement.

Plaintiff provides the above disclosures based on information currently available. Plaintiff reserves the right to supplement or amend this disclosure statement.

Dated: October 1, 2025

**CONSUMER ATTORNEYS PLLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
*Admitted Pro Hac Vice*
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*/s/ David S. Moyer*
David S. Moyer
**LAW OFFICES OF DAVID S. MOYER**
13551 River Road
Luling, LA 70070
T: (985) 308-1509
F: (985) 308-1521
E: davidmoyerlaw@gmail.com

*Attorneys for Plaintiff*
*Rodney Johnson*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2025, I served a true and correct copy of the following document(s) described as:

1. **PLAINTIFF'S INITIAL DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 26(a)(1)**

via E-Mail, to the following:

Andrew J. Halverson
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Lafayette, LA 70508
Email: Andrew.Halverson@ogletree.com
Makala L. Graves, La. Bar. No. 40608
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Email: Makala.graves@ogletree.com

*Attorney for Defendant*
*Outback Steakhouse, Inc.*

*/s/Mia Kristensen*