**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| RODNEY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>OUTBACK STEAKHOUSE, INC.,<br>Defendant. | Civil Action No.: 3:25-cv-00376-RLB<br><br>**PLAINTIFF'S RESPONSES & OBJECTIONS TO DEFENDANT'S <u>FIRST SET OF INTERROGATORIES</u>** |

## <u>GENERAL OBJECTIONS</u>

Plaintiff's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Plaintiff's General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4. The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5. Plaintiff objects to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of



EXHIBIT
C

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **See Rule 26 disclosures.**

**INTERROGATORY NO. 3 (3 interrogatories; 14 requests running total)**

Please identify all individuals that have information or possess documents related to the events of this litigation, including your claims for damages. Provide the name, address, telephone number and substance of the information they possess and whether you intend to call that individual as a witness at trial.

**ANSWER: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, premature, and requires speculation.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **See Rule 26 disclosures.**

**INTERROGATORY NO. 4 (1 interrogatory; 15 requests running total)**

Please identify all exhibits on which you may rely as evidence in this case. If you have not yet finalized selection of all such documentation, please list all items presently contemplated and supplement this response as additional information becomes available.

**ANSWER: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, premature, and requires speculation.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **See Plaintiff's first production of documents.**

Dated: Jamaica, New York
February 13, 2026

Respectfully submitted,

*/s/ David S. Moyer*
David S. Moyer
**LAW OFFICES OF DAVID S. MOYER**
13551 River Road
Luling, LA 70070
T: (985) 308-1509
F: (985) 308-1521
E: davidmoyerlaw@gmail.com

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
*Pro Hac Vice Admitted*
**CONSUMER ATTORNEYS PLLC**
68-29 Main Street
Flushing, NY, 11367
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Rodney Johnson*

**CERTIFICATE OF SERVICE**

This is to certify that on February 13, 2026, I electronically transmitted the foregoing document to Defendant's counsel of record via email.

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| RODNEY JOHNSON,<br>Plaintiff,<br><br>vs.<br><br>OUTBACK STEAKHOUSE, INC.,<br>Defendant. | Civil Action No.: 3:25-cv-00376-RLB<br><br>**PLAINTIFF'S RESPONSES & OBJECTIONS TO DEFENDANT'S FIRST REQUESTS FOR <u>PRODUCTION OF DOCUMENTS</u>** |

**GENERAL OBJECTIONS**

Plaintiff's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Plaintiff's General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4. The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5. Plaintiff objects to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of

supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce any and all documents and tangible evidence which relate to, prove or disprove the allegations or claims for relief in your Complaint.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, vague, and not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff hereby produces non-privileged documents responsive to this request that are in Plaintiff's possession, custody, and control. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all documents and tangible evidence which you anticipate consulting, utilizing, referring to, or offering into evidence at trial, or using for impeachment of a witness, in conjunction or connection with any testimony you intend or expect to adduce or elicit in trial and/or hearing of this matter.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this demand to the extent that it is premature, overly broad, unduly burdensome, requires speculation, vague, and not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff

hereby produces non-privileged documents responsive to this request that are in Plaintiff's possession, custody, and control. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all documents and tangible evidence in your possession and/or the possession of your representatives which you and/or your representative may use to refresh your recollection or the recollection of other actual or potential witnesses.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this demand to the extent that it is premature, overly broad, unduly burdensome, vague, requires speculation, and not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff hereby produces non-privileged documents responsive to this request that are in Plaintiff's possession, custody, and control. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all documents and/or tangible evidence depicting any communications you, or anyone acting on your behalf, have made and/or received from any witness or potential witness in this case, or from any individual who has knowledge of any issue(s) related in any way to this case.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this demand to the extent that it is premature, overly broad, unduly burdensome,

Dated: Jamaica, New York
February 13, 2026

Respectfully submitted,
*/s/ David S. Moyer*
David S. Moyer
**LAW OFFICES OF DAVID S. MOYER**
13551 River Road
Luling, LA 70070
T: (985) 308-1509
F: (985) 308-1521
E: davidmoyerlaw@gmail.com

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
*Pro Hac Vice Admitted*
**CONSUMER ATTORNEYS PLLC**
68-29 Main Street
Flushing, NY, 11367
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Rodney Johnson*

**CERTIFICATE OF SERVICE**

This is to certify that on February 13, 2026, I electronically transmitted the foregoing document to Defendant's counsel of record via email.

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.