**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

RODNEY JOHNSON

CIVIL ACTION

VERSUS

NO. 3:25-cv-376 (BAJ) (RLB)

OUTBACK STEAKHOUSE OF FLORIDA, LLC

## PLAINTIFF'S CONSENT MOTION TO CONTINUE THE NOVEMBER 17, 2026 PRETRIAL CONFERENCE

NOW INTO COURT, through undersigned counsel, comes Plaintiff Rodney Johnson ("Plaintiff"), who respectfully moves the Court, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and Local Civil Rules 7(c) and 7(e), for an Order (i) continuing the pretrial conference presently set for Tuesday, November 17, 2026, at 3:00 p.m. Central Time in chambers before the Honorable Brian A. Jackson (ECF Docket Entry ("ECF") 37) to another date convenient to the Court. This is Plaintiff's first request to continue the pretrial conference. Defendant Outback Steakhouse of Florida, LLC ("Defendant") consents to the requested continuance. In support, Plaintiff states as follows.

### Background

1. The Court's Amended Scheduling Order set the pretrial conference for November 12, 2026, at 3:00 p.m. in chambers, and set a five day jury trial to begin on January 25, 2027. See ECF 20 ¶¶ 7, 9.

2. On November 3, 2026, the Court issued a Notice to Counsel confirming the November 12, 2026 setting and advising that "all counsel of record must participate in the Pretrial Conference." See ECF 36.

3. The following day, November 4, 2026, "[d]ue to an unavoidable scheduling conflict," the Court reset the pretrial conference to Tuesday, November 17, 2026, at 3:00 p.m. in chambers, again advising that all counsel of record must participate. See ECF 37.

4. The Parties timely filed their Joint Proposed Pretrial Order on November 6, 2026, within the deadline as extended by the Court. See ECF 35, 38.

5. Undersigned counsel, who is Plaintiff's lead trial counsel and is admitted to this Court *pro hac vice* (ECF 9), resides and practices in the State of New York.

6. David S. Moyer, Esq. is Plaintiff's local counsel.

**Counsel's Conflicting Appearance on November 17, 2026**

7. On November 2, 2026, two days before the Court reset the pretrial conference in this action, the United States District Court for the Eastern District of Missouri set the in-person Rule 16 Scheduling Conference in Kraus v. Enhanced Spirits LLC, *et al.*, Case No. 4:25-cv-1273 (MAL) (E.D. Mo.), for Tuesday, November 17, 2026, at 10:00 a.m. Central Time, in chambers before the Hon. Maria A. Lanahan, U.S.D.J. at the Thomas F. Eagleton United States Courthouse in St. Louis, Missouri. See Kraus, ECF 30.

8. Undersigned counsel is lead counsel for the plaintiff in that case.

9. The November 17, 2026 setting in Kraus was itself the product of a continuance that undersigned counsel requested, on consent, from an earlier date. See Kraus, ECF 29, 30.

10. That court requires that, "[a]bsent truly exceptional circumstances, lead counsel must appear in person for the Rule 16 conference."

11. Undersigned counsel therefore cannot, in good faith, seek a second continuance of the Kraus conference.

12. St. Louis is approximately 680 miles from Baton Rouge, and commercial air service between the two cities shows flight durations of approximately five (5) hours.

13. Even if the Kraus conference concludes promptly, undersigned counsel cannot reliably travel from chambers in St. Louis to chambers in Baton Rouge in time for a 3:00 p.m. conference that same afternoon (though he investigated the possibility of doing so!).

14. Rule 16(e) requires that the final pretrial conference "be attended by at least one attorney who will conduct the trial for each party," and this Court's chambers rules provide that "[a]ll trial Counsel must participate in the pretrial conference."

15. Undersigned counsel will try this case and wishes to participate fully in the conference.

16. Undersigned counsel raised the conflict with Defendant's counsel on November 6, 2026, and Defendant consented to a continuance that same day.

**Good Cause Exists for the Requested Relief**

17. A schedule "may be modified only for good cause and with the judge's consent." See Fed. R. Civ. P. 16(b)(4).

18. Good cause requires the movant to show that the deadline cannot reasonably be met despite its diligence. See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003).

19. Good cause exists here.

20. Plaintiff has been diligent: the Parties timely filed their Joint Proposed Pretrial Order (ECF 38), and Plaintiff conferred with Defendant regarding this relief promptly after the Court reset the conference.

21. The conflict arises from settings fixed by two federal courts, not from any lack of diligence by Plaintiff or his counsel.

22. This motion is made in good faith and not for purposes of delay.

23. No party will be prejudiced.

24. Defendant consents to the continuance.

25. Plaintiff seeks only a short continuance, and does not request modification of the January 25, 2027 trial date or of any other deadline in the Amended Scheduling Order, including the deadlines to file motions *in limine*, an affidavit of settlement efforts, and joint jury instructions, *voir dire*, and verdict forms. See ECF 20 ¶¶ 5, 6, 8, 9.

26. Accordingly, this Court should grant the requested continuance.

**Local Rule 7(e) Certificate of the Position of Defendant**

27. Pursuant to Local Civil Rule 7(e), undersigned counsel certifies that, on November 6, 2026, he conferred by email with counsel for Defendant, Andrew J. Halverson, Esq. and Makala L. Graves, Esq., of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., regarding the continuance requested herein, and that Defendant consents to the continuance.

Pursuant to Local Civil Rules 7(c) and 7(e), a proposed Order on a separately captioned page is submitted herewith.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order (i) continuing the pretrial conference presently set for November 17, 2026, at 3:00 p.m. Central Time to one of the dates proposed above or another date convenient to the Court, with all other deadlines in the Amended Scheduling Order remaining unchanged; and (ii) granting such other and further relief as the Court deems just, equitable, and proper.

Dated: Jamaica, New York
November 15, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq., 5154588 (NY)
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

Admitted *pro hac vice* (ECF 9)

**LAW OFFICES OF DAVID S. MOYER**
David S. Moyer, Esq. (La. Bar No. 28166)
13551 River Road
Luling, LA 70070
(985) 308-1509 (office)
(985) 308-1521 (facsimile)
davidmoyerlaw@gmail.com

*Attorneys for Plaintiff*
*Rodney Johnson*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

*/s/ Emanuel Kataev, Esq*.
Emanuel Kataev, Esq.